UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 22-CR-27 (RMM) |
| TYLER JOHN TEW | |

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding the defendant from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

**1. This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel**

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent *actively* misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the

misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A).  As Chief Judge Howell explained in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority."  *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

To be sure, *Chrestman* itself involved an argument that former President Trump, as opposed to a law enforcement officer, gave the defendant permission to enter the Capitol building. But the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building.  Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot.  *See Cox*, 379 U.S. at 569 (explaining that no Chief of Police could sanction "murder[ ] or robbery").  Indeed, in a more recent January 6 case, Chief Judge Howell expressly found that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377 (BAH), at *2 (D.D.C. June 8, 2022); *accord United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1168-1169 (10th Cir. 1999) (defendant's belief about being legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally reentered the country);

2

Memorandum and Order, *United States v. Mels*, No. 21-cr-184 (BAH), at *2 n.1 (D.D.C. July 21, 2022) (same).  This Court should reach the same conclusion in this case.

Accordingly, defendant should be prohibited from arguing that his conduct was lawful because law enforcement allegedly told him it was.

2. **This Court Should Preclude the Defendant from Arguing That Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal**

In addition to prohibiting any defense arguments that law enforcement immunized the defendant's conduct by actively communicating to him that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered his conduct legal.  As the Chief Judge ruled in *Williams* and *Mels*, "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct."  *Williams*, No. 21-cr-377 (BAH), at *3 (citing *Cox*, 379 U.S. at 569-570); *Gutierrez-Gonzalez*, 184 F.3d at 1168 (cited *supra*); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment by estoppel defense to a case involving he location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police)); *see also Mels*, No. 21-cr-184 (BAH), at *2 n.1 (same).  The same reasoning applies here.  Accordingly, defendant should also be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

3. **This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021.  However, unless the defendant shows that, at the relevant time, he specifically observed or was otherwise aware of some alleged inaction

by law enforcement, such evidence is irrelevant to the defendant's intent.  Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401.  Here, if the defendant was not aware of law enforcement's alleged inaction at the time of his entry onto restricted grounds or into the Capitol building (or at the time he committed the other offenses charged in the Information), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.

Again, *Williams* and *Mels* chart the proper course.  As the Chief Judge's orders in those cases explained, "[a]s a logical matter, … any action or inaction of which defendant was not aware cannot possibly have had any effect on his state-of-mind and is inadmissible as irrelevant under Federal Rule of Evidence 401." *Williams*, No. 21-cr-377 (BAH), at *3-4; *Mels*, No. 21-cr-184 (BAH), at *2-3 (same).  That "basic proposition" is unassailable. *Williams*, No. 21-cr-377 (BAH), at *4; *Mels*, No. 21-cr-184 (BAH), at *3 (same).  This Court should adopt it in this case and rule that "evidence of law enforcement inaction is admissible only if defendant can establish his awareness of the alleged inaction by officers"—either by way of "a good faith proffer outside the presence of the jury" or by "using other evidence" already before the jury. *Mels*, No. 21-cr-184 (BAH), at *3; *see also Williams*, No. 21-cr-377 (BAH), at *4.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Dated May 1, 2023.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Kelly E. Moran*

KELLY E. MORAN
NY Bar No. 57764171
Assistant United States Attorney
U.S. Department of Justice
601 D Street NW
Washington, DC 20530
(202) 252-2407
Kelly.Moran@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TYLER JOHN TEW | No. 22-CR-27 (RMM) |

## ORDER

Upon consideration of the United States' motion to preclude improper defense arguments and evidence, it is hereby ORDERED, that the motion is GRANTED.

It is further ORDERED, that the defendant is precluded from the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; and (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct at the time he committed the offenses charged in the Information.

Date:

_____
THE HONORABLE ROBIN MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

6