UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22-cr-00027-RMM |
| ) | |
| TYLER TEW, ) | |
| ) | |
| Defendant ) | |

**<u>DEFENDANT TYLER TEW'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFEDNAT'S MOTION TO MODIFY CONDITIONS OF PROBATION</u>**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW COMES, Defendant Tyler Tew, by and through his undersigned counsel or record, William L. Shipley, and files this reply to the Government's opposition to Defendant Tew's motion to modify his conditions of probation to travel internationally.

Mr. Tew filed his motion to modify his conditions of probation in order to take his four children on a family vacation to Montego Bay, Jamaica for two weeks during their spring break -- March 13, 2024, to March 28, 2024.  As Mr. Tew informed his Probation Officer, the vacation also would include both the paternal grandparents and maternal grandparents.

Mr. Tew's terms of probation allow for him to travel outside the United States with the permission of the Court.  Mr. Tew's motion seeks that permission.

The Government now opposes this motion on the basis that Mr. Tew should be made to suffer more than he has already, and the opportunity to make that happen is by denying him and his family this planned vacation.  *See* ECF No. 65.  The Government doesn't hide this motivation – it says so right in the opposition.

> "… missing a family vacation is a modest consequence of the Defendant's criminal conduct on January 6, 2021."

The Government in its reply offers no legal basis to deny Defendant Tew permission to travel.  Judges in the district have allowed for such travel for defendants on pretrial release where the "risk of flight" might be a consideration.  *See* United States v. Edward Amyot, 23-mj-285, EFC No. 11.  There is no such risk here – Mr. Tew's case has been concluded.

However, the Government's proffered basis for opposing the motion does provide insight into its motives – it does not believe the sentence imposed by this Court sufficiently punished Mr. Tew.  It drips with disdain arising from the fact that the Government did not get the sentence it advocated for in his case – the Government wanted 90 days in custody,  followed by 3 years of probation. Instead, this Court imposed only 2 years of probation with no custodial sentence.

This Court explicitly found at the sentencing hearing that Mr. Tew had suffered a significant hardship as a result of his crimes – he lost his commercial pilot's license and career, and it was uncertain whether he would ever be able to regain them.  That was part of the Court's justification for imposing the sentence it chose, and rejecting the sentence demanded by the Government.

Having lost – and with the information that was before the Court in the sealed portion of the sentencing proceeding never far away in the background – the Government now seeks to punish not only Mr. Tew, but his children, parents and in-laws as well.

Mr. Tew was a commercial airline pilot for more than a decade. International air travel and staying in upscale hotels was a part of his everyday employment.  Mr. Tew wouldn't be "inconvenienced" by denying him permission to travel as advocated by the Government.  More than three years after the events of January 6, it is Mr. Tew's family that the Government seeks to punish further.

Finally, it is worth noting that as part of its Opposition, Counsel for the Government quoted from and cited to this Court's "Statement of Reasons." ECF No. 62. The content of that document is restricted and not available to the public. On the public docket is the following entry:

> STATEMENT OF REASONS as to TYLER JOHN TEW:
> re 62 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Magistrate Judge Robin M. Meriweather on 11/28/2023. (zstd) (Entered: 12/21/2023)

Upon seeing that Government Counsel had quoted from a restricted document in a public filing, undersigned counsel for Mr. Tew brought this to the attention AUSAs Kelly Moran and Kaitlin Klamann, requesting that the issue be addressed. AUSA Klamann responded by excusing the Rules violation, stating that the quoted language was substantially the same as the explanation given by the Court at the sentencing. Undersigned pointed out that given the particulars of the case and the Government's prior conduct, Mr. Tew had no "goodwill" to offer in allowing the matter to be overlooked. Undersigned counsel then requested the filing be corrected a second time.

To date, the Government has taken no steps to remedy its violation of Court rules.

## CONCLUSION

Based on the foregoing, Defendant Tew respectfully requests this Honorable Court modify the conditions of probation as set forth above and

4

order the return of his passport by whatever office – Probation or Pretrial Services – that has possession. Further, Defendant Tew asks this Court to either strike or disregard the Government's filing at ECF No. 62.

Dated: January 29, 2024             Respectfully submitted,

                                    /s/ William L. Shipley
                                    William L. Shipley, Jr., Esq.
                                    PO BOX 745
                                    Kailua, Hawaii 96734
                                    Tel: (808) 228-1341
                                    Email: 808Shipleylaw@gmail.com

                                    *Attorney for Defendant*